1 | THOMAS J. SPEISS, III (SBN 200949)
  | tspeiss@sycr.com
2 | JUSTIN KLAEB (SBN 254035)
  | jklaeb@sycr.com
3 | STRADLING YOCCA CARLSON & RAUTH, P.C.
  | 100 Wilshire Blvd., Suite 400
4 | Santa Monica, California 90401
  | Telephone:  (424) 214-7042
5 | Facsimile:  (424) 214-7010
6 | Attorneys for Plaintiff Sillage, LLC

7

8 | **UNITED STATES DISTRICT COURT**

9 | **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| SILLAGE, LLC, a California Limited Liability Company, | **CASE NO.: 8:14-cv-2043** |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1. **PATENT INFRINGEMENT UNDER 35 U.S.C. § 271;** |
| KENROSE PERFUMES, INC. D/B/A EUROPERFUMES, a New York Corporation; FRAGRANCENET.COM, INC., a Delaware Corporation; and, LA PEER BEAUTY, L.P., a California Limited Partnership. | 2. **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114;** |
| | 3. **TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a); and,** |
| Defendants. | 4. **UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200.** |
| | JURY TRIAL DEMANDED |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**COMPLAINT**

DOCSSM/3013175v1/101734-0105

Plaintiff Sillage, LLC ("Sillage") by and through its attorneys, hereby alleges as follows:

## PARTIES

1.      Sillage is engaged in the business of creating and providing luxury artisanal fragrances to its consumers.  In addition to the scents themselves, Sillage is known for presenting its perfumes in embellished bottles and flacons.  Sillage is now, and was at all times herein mentioned, a California limited liability company duly organized and existing under the laws of the State of California with its principal place of business at 660 Newport Center Drive, Suite 660, Newport Beach, California 92660.

2.      On information and belief, Defendant Kenrose Perfumes, Inc. d/b/a Europerfumes ("Europerfumes") is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 60 Honeck Street, Englewood, New Jersey 07631.

3.      On information and belief, Defendant FragranceNet.com, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 104 Parkway South Drive, Hauppauge, New York 11788 ("FragranceNet").

4.      On information and belief, Defendant La Peer Beauty, L.P. is a limited partnership duly organized and existing under the laws of the State of California, with its principal place of business at 8950 W. Olympic Blvd., Suite 113, Beverly Hills, California 90211 ("La Peer Beauty"; and collectively with Europerfumes and FragranceNet, "Defendants").

## JURISDICTION AND VENUE

5.      This is a civil action arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction over Counts I-III pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over Count IV pursuant to 28 U.S.C. § 1367.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-1-

COMPLAINT

DOCSSM/3013175v1/101734-0105

6.     This Court has personal jurisdiction over Europerfumes because Europerfumes is doing and has done substantial business in this judicial district and has committed acts of patent and trademark infringement, and other acts complained of herein, in this judicial district.

7.     This Court has personal jurisdiction over FragranceNet because FragranceNet is doing and has done substantial business in this judicial district and has committed acts of patent and trademark infringement, and other acts complained of herein, in this judicial district.

8.     This Court has personal jurisdiction over La Peer Beauty because La Peer Beauty is doing and has done substantial business in this judicial district and further has committed acts of patent and trademark infringement, and other acts complained of herein, in this judicial district.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1400(b).  The acts and transactions complained of herein were conceived, carried out, made effective, and had an effect within the State of California and within this Judicial District.

## FACTUAL ALLEGATIONS

### Patent Ownership

10.     On November 12, 2013, U.S. Patent No. D693,224 (the "'224 patent") entitled "Display Bottle" was duly and legally issued to Nicole Mather as the inventor.  A true and correct copy of the '224 patent is attached to this Complaint as **Ex. A** and incorporated herein by reference.  The '224 patent is valid and in force.

11.     On May 1, 2012, U.S. Patent No. D658,503 (the "'503 patent") entitled "Bottle" was duly and legally issued to Nicole Mather as the inventor.  A true and correct copy of the '503 patent is attached to this Complaint as **Ex. B** and incorporated herein by reference.  The '503 patent is valid and in force.

DOCSSM/3013175v1/101734-0105

12.     At least as early as <u>February 1, 2014</u>, Nicole Mather assigned the '224 and '503 patents to Sillage.  Sillage is the exclusive licensee of the entire right, title, and interest in and to the '224 and '503 patents, including all rights to enforce the '224 and '503 patents and recover for infringement.  True and correct copies of the assignment documents are attached hereto as **Exs. C** and **D**.

13.     As more fully laid out below, Defendants have been and are now infringing the '224 patent and '503 patent in this judicial district and elsewhere, by selling and distributing products which infringe Sillage's patents.

**Trademark Ownership**

14.     On <u>May 10, 2012</u>, Sillage filed an intent-to-use trademark application for its CHERRY GARDEN mark, which was assigned U.S. Trademark Application No. 85/622,278.  CHERRY GARDEN is the name of one of Sillage's perfumes from the House of Sillage line.

15.     On <u>April 2, 2013</u>, the CHERRY GARDEN mark published for opposition in the USPTO's *Official Gazette*.  No oppositions were filed.

16.     On <u>November 5, 2013</u>, Sillage's CHERRY GARDEN mark was issued as U.S. Trademark Registration No. 4,429,539.  Sillage began using the CHERRY GARDEN mark in United States commerce in <u>March 2013</u>.  The constructive date of first use for the CHERRY GARDEN mark in United States commerce is <u>May 10, 2012</u>.  A copy of the registration for the CHERRY GARDEN mark is attached as **Ex. E** and incorporated herein by reference.

17.     Sillage has expended significant time, energy and expense to promote CHERRY GARDEN, including but not limited to tradeshow attendance, interviews, print ads, online marketing campaigns, couture events, advertising, and marketing.

18.     Based on Sillage's extensive use and promotion of CHERRY GARDEN, the mark has become distinctive and known in the United States and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-3-
COMPLAINT
DOCSSM/3013175v1/101734-0105

1    global marketplace as identifying Sillage as the source of origin for the products

2    marketed and provided in connection therewith.

3                           **Trade Dress Ownership**

4           19.    In or about <u>November 2011</u>, Sillage introduced TIARA, its first

5    fragrance from its House of Sillage line of perfumes.  TIARA is presented in a

6    transparent hand-polished, flat-bottom, ridged-edge cupcake-shaped bottle —

7    which is about two (2) inches in diameter — and includes a bottle cap adorned

8    with jewelry, crystals, and other décor.  Sillage's other bottle designs include the

9    same cupcake-shaped bottle as well as other cut stones and décor.

10          20.    Each subsequent fragrance in the House of Sillage line was presented

11   in a transparent cupcake-shaped bottle and included its own uniquely decorated

12   cap.

13          21.    Sillage's bottles and caps attracted the attention of critics and

14   consumers alike and quickly became a hallmark of the Sillage brand.  Sillage has

15   used and promoted its trade dress sufficiently to form an association in the mind of

16   consumers to denote Sillage as the source of the products.

17              **Sillage Markets and Distributes Unique Perfume Products**

18          22.    On <u>April 28, 2010</u>, Sillage was formed.  On or about

19   <u>November 3, 2011</u>, Sillage began to market its TIARA perfume in United States

20   commerce.  TIARA was marketed and sold in a cupcake-inspired perfume bottle.

21   Since this time, Sillage has expanded and continues to expand its perfume product

22   line in the United States to include the marketing and sale of eight (8) Sillage

23   perfumes.  The majority of these perfumes are marketed in a Signature Line bottle,

24   and a separate Limited Edition bottle, for a total of fifteen (15) separate bottles that

25   are available for purchase, including TIARA, CHERRY GARDEN, and other

26   perfumes.

27          23.    Each scent in the House of Sillage line is presented in a signature

28   cupcake inspired bottle which embodies the design claimed in the '224 patent.  For

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-4-

COMPLAINT

DOCSSM/3013175v1/101734-0105

reference, Sillage's cupcake-inspired bottle and the limited edition CHERRY GARDEN bottle and cap are shown below.

 

24.     With sales internationally, including in the United States, the United Arab Emirates, and the European Union, Sillage has established a significant reputation by the sale of its TIARA, CHERRY GARDEN, and other perfume brands.

25.     Sillage uses only high quality ingredients in its perfume products. Similarly, Sillage uses only high quality materials in its decorative bottles.

26.     Sillage has established a reputation and earned significant goodwill in its business of producing luxury crafted fragrances developed in collaboration with the finest perfumers in the business, including the legendary Francis Camail. Sillage also works with premium jeweler Swarowski to design finely-crafted and ornate flacons and bottles.

27.     Sillage sells its products through specialty online retailers and boutiques, or by special order at select retailers.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-5-
COMPLAINT
DOCSSM/3013175v1/101734-0105

28.     Sillage's reputation and goodwill have been recognized and enhanced through features in internationally-circulated publications such as *GQ*, *Harper's Bazaar*, *Perfumerias Regia*, the *Robb Report*, and *Vogue*, as depicted below.



### Sillage Perfume Products Have Become Well-Known

29.     Sillage's customers expect outstanding quality and presentation from Sillage's perfumes and Sillage works diligently to maintain its reputation and goodwill by delivering quality and luxury to its customers.

30.     The high-end luxury perfume market is a small market. The cupcake-inspired perfume bottle is Sillage's market differentiation, and makes Sillage uniquely different from any other perfume company in the United States. It is therefore necessary for Sillage to protect its products and its reputation against would-be knock-offs or competitors which may infringe upon Sillage's intellectual property rights.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-6-

COMPLAINT

DOCSSM/3013175v1/101734-0105

31.     Sillage has expended significant time, energy, and expense to promote its unique House of Sillage line, and in particular the bottle design and decorative cover, including but not limited to tradeshow attendance, interviews, print ads, online marketing campaigns, couture events, advertising, and marketing.

32.     Based on Sillage's extensive use and promotion of its cupcake-shaped bottle and decorative cover, the dress has become distinctive and known in the United States and global marketplace as identifying Sillage as the source of origin for the products marketed and provided in connection therewith.

### Defendants Market and Sell Perfume in Cupcake-Shaped Bottles with Decorative Caps

33.     At least as early as <u>March 25, 2013</u> — which is about eighteen (18) months after Sillage first introduced its cupcake-inspired perfume bottles into United States commerce — Histoires de Parfums LLC d/b/a Alice & Peter ("A&P"), which is a Defendant in the related case, *Sillage, LLC v. Histoires de Parfums, LLC, et al.*, Case No. 14-cv-00172-CAS-RNB (C.D. Cal. 2014) (the "Alice & Peter Action"), and Europerfumes, working together, introduced a line of perfumes which were, and continue to be, presented in a cheap knock-off version of Sillage's cupcake-inspired perfume bottles.  This line of A&P perfume is marketed and sold in a cupcake-shaped bottle and decorative cap (the "Infringing Parfum").  A sample of the Infringing Parfum, *e.g.*, A&P's "Cherry Cherry" perfume, is depicted below.



STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-7-
COMPLAINT
DOCSSM/3013175v1/101734-0105

34.     The Infringing Parfum's cupcake-shaped bottles mimic the designs and inventions claimed in Sillage's patents and trade dress.

35.     The Infringing Parfum's caps are generally dome-shaped and include an A&P charm, rhinestone jewelry, and/or other décor.

36.     The Infringing Parfum and the perfumes marketed and sold by Sillage are the only two brands in the world that market and sell perfume in a cupcake-inspired bottle.

37.     Upon information and belief, Europerfumes is the North American distributor for the A&P perfume, and has marketed and/or sold about 25,000 units of the A&P perfume throughout North America.

38.     Upon information and belief, Europerfumes received notice of its infringing activities at least as early as May 1, 2014.  Upon information and belief, Europerfumes acquired such knowledge from Moshe Yhudai, the proprietor of Scent-Sation LA, which is a Defendant in the related Alice & Peter Action, as attested to by both Mr. Yhudai, and Vicken Arslanian, the proprietor of Europerfumes, as part of their deposition testimony taken in the Alice & Peter Action.

39.     Upon information and belief, Europerfumes marketed and sold the A&P perfume to FragranceNet on the following dates and in the following amounts,

| MONTH | QUANTITY |
|---|---|
| April-April 2014 | 243 Units |
| May-June 2014 | 63 Units |
| **TOTAL** | 306 Units |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-8-

COMPLAINT

40.     Upon information and belief, Europerfumes marketed and sold at least 750 units of the A&P perfume <u>after</u> it received notice of its infringing activities — including selling at least sixty-three (63) units to FragranceNet — making it a willful patent infringer.

41.     Upon information and belief, FragranceNet purchased at least ninety-six (96) units of A&P's "Cheery Cherry" perfume from Europerfumes.

42.     Upon information and belief, FragranceNet markets and sells five (5) variations of the Infringing Parfum:  Blood Orange, Cherry Cherry, Fancy Choco, Showy Toffee, and Wicked Berry.  Upon information and belief, these products continue to be marketed and sold through www.FragranceNet.com, as depicted below,













STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-9-

COMPLAINT

*See* **Ex. F** for a copy of the webpage print-outs showing FragranceNet's marketing and sale of the Alice & Peter perfume.

43.     Upon information and belief, Europerfumes marketed and sold the A&P perfume to La Peer Beauty on the following dates, in the following amounts,

| MONTH | QUANTITY |
|---|---:|
| November 2013 | 720 Units |
| December 2013 | 3 Units |
| July 2014 | 6 Units |
| **TOTAL** | 729 Units |

44.     Upon information and belief, Europerfumes marketed and sold at least six (6) units of the A&P perfume to La Peer Beauty after Europerfumes had notice of its infringing activities.

45.     Upon information and belief, La Peer Beauty purchased at least fifteen (15) units of A&P's "Cheery Cherry" perfume from Europerfumes.

46.     Upon information and belief, La Peer Beauty marketed and sold the A&P perfume it purchased from Europerfumes in United States commerce, beginning such marketing and sale at least as early as <u>November 2013</u>.

### **FIRST CLAIM FOR RELIEF**

*(Infringement of U.S. Patent No. D693,224)*

47.     Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 46 hereof as if fully stated herein.

48.     Sillage is the sole owner of the entire right, title, and interest in the '224 patent.

49.     Defendants have infringed the '224 patent under Section 271 of Title 35 of the U.S. Code by making, selling, and/or offering for sale in the U.S.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-10-
COMPLAINT
DOCSSM/3013175v1/101734-0105

and/or importing into the U.S. the Infringing Parfum products which embody the claimed design recited in the '224 patent.

50.     On information and belief, Defendants will continue to infringe the '224 patent unless enjoined by this Court.

51.     Sillage has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court.

52.     On information and belief, the infringement of the '224 patent by Defendants has been willful.

## SECOND CLAIM FOR RELIEF

*(Infringement of U.S. Patent No. D658,503)*

53.     Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 52 hereof as if fully stated herein.

54.     Sillage is the sole owner of the entire right, title, and interest in the '503 patent.

55.     Defendants have infringed the '503 patent under Section 271 of Title 35 of the U.S. Code by making, selling, and/or offering for sale in the U.S. and/or importing into the U.S. the Infringing Parfum products which embody the claimed design recited in the '503 patent.

56.     On information and belief, Defendants will continue to infringe the '503 patent unless enjoined by this Court.

57.     Sillage has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court.

58.     On information and belief, the infringement of the '503 patent by Defendants has been willful.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-11-

COMPLAINT

DOCSSM/3013175v1/101734-0105

## THIRD CLAIM FOR RELIEF

*(Infringement of Federally Registered Trademark (Lanham Act §32))*

59.     Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 58 hereof as if fully stated herein.

60.     By virtue of Defendants' conduct, Defendants have used and are using a spurious term in connection with the advertising, marketing and offering of perfume products in interstate commerce, which mark is identified with "Cherry Cherry," and which imitates Sillage's CHERRY GARDEN mark.

61.     Sillage and A&P make perfume products and, accordingly, both Sillage and A&P market their products to the same or similar classes of purchasers.

62.     As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception, and many persons familiar with Sillage's CHERRY GARDEN mark, its reputations, dress, and favorable goodwill, are likely to purchase Defendants' Infringing Parfum goods in the mistaken belief that such goods are offered or authorized by Sillage.

63.     Defendants' actions have been and are willful, unfair, false, and deceptive, in that they tend to mislead, deceive, and confuse, and have had and will have the result of misleading, deceiving, and confusing the public to believe that Defendants and/or their goods are affiliated with, sponsored, or controlled by Sillage.

64.     The foregoing actions of Defendants constitute trademark infringement by inducing the erroneous belief that Defendants' and/or their goods are in some manner affiliated with, originate from, or are sponsored by Sillage, in violation of Lanham Act § 32, 15 U.S.C. § 1114.

65.     Sillage is informed and believes and, on that ground, alleges that Defendants have made and/or will make unlawful gains and profits from their unlawful actions as alleged herein, and by reason thereof, Sillage has been

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-12-

COMPLAINT

DOCSSM/3013175v1/101734-0105

deprived of gains and profits which otherwise would have inured to Sillage but for such unlawful actions.

66.     Sillage has no adequate remedy at law for the injuries alleged in this Count.  The injuries are, in part, intangible in nature and not capable of being fully measured or valued in terms of money damages.  Further, the injuries are of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.

67.     Notwithstanding the difficulty of fully ascertaining the value of the damage to Sillage caused by Defendants' wrongful conduct, Defendants' conduct has resulted in irreparable, direct, and proximate damages to Sillage and Sillage is entitled to injunctive relief under 15 U.S.C. §1116(a).

## FOURTH CLAIM FOR RELIEF

### *(Trade Dress Infringement (Lanham Act §43))*

68.     Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 67 hereof as if fully stated herein.

69.     This claim arises under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a).  Defendants' unauthorized use and threatened continued use in interstate commerce of Sillage's trade dress constitutes use of a word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, that has caused and is likely to cause confusion, mistake or deception (a) as to the characteristics, qualities, or origin of the Infringing Parfum, (b) as to an affiliation, connection, or association between Sillage and Defendants, and (c) as to the sponsorship or approval of the Infringing Parfum by Sillage.

70.     Such actions, as used in commercial advertising, have misrepresented and do misrepresent the nature, characteristics, or qualities of Defendants' goods, services, and/or commercial activities.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-13-

COMPLAINT

DOCSSM/3013175v1/101734-0105

71.     Upon information and belief, Defendants have intentionally and falsely designated the origin of their goods by adopting and using trade dress that is substantially the same as the Sillage's trade dress for its goods so as to profit from Sillage's reputation by confusing the public as to the source, origin, sponsorship or approval of Defendants' goods, with the intention of deceiving and misleading the public at large, and of wrongfully trading on the goodwill and reputation of Sillage.

72.     The activities of Defendants complained of herein have caused and, unless enjoined, will continue to cause substantial and irreparable harm to Sillage, its business reputation and its goodwill, for which Sillage is without adequate remedy at law.  Such activities have also caused Sillage monetary loss and damage including, but not limited to, the loss of profits in an amount not yet determined.

73.     Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.  Notwithstanding the difficulty of fully ascertaining the value of the damage to Sillage caused by Defendants' wrongful conduct, Defendants' conduct has resulted in irreparable, direct and proximate damages to Sillage and Sillage is entitled to injunctive relief under 15 U.S.C. §1116(a).

## FIFTH CLAIM FOR RELIEF

*(Unfair Competition under Cal. Bus. & Prof. Code §§ 17200 et seq.)*

74.     Sillage hereby re-alleges and incorporates by reference each of the allegations from paragraphs 1 through 73 hereof as if fully stated herein.

75.     Sillage is informed and believes, and on that basis alleges, that Defendants have intentionally appropriated Sillage's trade dress and its CHERRY GARDEN mark with the intent of causing confusion, mistake and deception as to the source of their goods with the intent to pass off their goods as those of Sillage, and as such, Defendants have committed unfair competition in violation of the common law of the State of California.

DOCSSM/3013175v1/101734-0105

76.     The foregoing acts of Defendants have caused and will continue to cause injury to Sillage by depriving it of sales of its genuine perfumes, injuring its business reputation, and by passing off Defendants' goods as Sillage's goods, all in violation of the common law of the State of California.

77.     Defendants' acts have caused and will continue to cause irreparable harm and damage to Sillage, and have caused and will continue to cause Sillage monetary damage in an amount not yet determined, for which Sillage is entitled to its actual damages, Defendants' profits, as well as attorneys' fees and costs.

78.     Defendants' infringement of Sillage's intellectual property described herein constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of the California Business and Professions Code § 17200.

79.     As a consequence of Defendants' actions, Sillage is entitled to injunctive relief and an order that Defendants disgorge all profits on the manufacture, use, display, or sale of infringing goods.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sillage prays for the following relief:

A.     Judgment in favor of Sillage that Defendants have infringed the '224 and '503 patents and that Defendants' infringement of the '224 and '503 patents was willful;

B.     A permanent injunction enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others in active concert or privity therewith from direct, indirect, and/or joint infringement of the '224 and '503 patents as aforesaid, pursuant to 35 U.S.C. § 283;

C.     That the Court enter judgment that Defendants' unauthorized use of Sillage's trade dress, in association with the Infringing Parfum products, is in violation of the Lanham Act, 15 U.S.C. § 1125(a);

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-15-

COMPLAINT

DOCSSM/3013175v1/101734-0105

1    D.    That the Court enter judgment that Defendants' unauthorized use of

2    the mark "Cherry Cherry," in association with the Infringing Parfum products, is in

3    violation of the Lanham Act, 15 U.S.C. § 1115(a);

4    E.    That Defendants be required to immediately change their

5    "Cherry Cherry" mark;

6    F.    That Defendants' conduct serves to unfairly compete with Sillage

7    under the common law of the State of California;

8    G.    That the Court award judgment in favor of Sillage in an amount to be

9    determined at trial, but in no event less than Defendants' profits on the Infringing

10   Products;

11   H.    An award of Sillage's costs and attorneys' fees as allowed by law;

12   and,

13   I.    For such other and further relief as the Court may deem just and

14   proper.

15   DATED:  December 23, 2014          STRADLING YOCCA CARLSON
                                        & RAUTH, P.C.
16

17

18

19          By: _____
                Thomas J. Speiss, III
20              Attorneys for Plaintiff Sillage, LLC

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-16-

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **JURY DEMAND**

Sillage hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on each cause of action asserted in its Complaint that is triable by jury.

DATED:  December 23, 2014    STRADLING YOCCA CARLSON
                              & RAUTH, P.C.

                              By: _____
                                  Thomas J. Speiss, III
                                  Attorneys for Plaintiff Sillage, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-17-
COMPLAINT
DOCSSM/3013175v1/101734-0105