Ryan S. McPhee (SBN 283955)
 rmcphee@bakoskritzer.com
BAKOS & KRITZER
945 Fourth Avenue, Suite 411
San Diego, California  92101
Telephone:  (619) 377-0770
Facsimile:  (973) 520-8260

*Attorney for Defendant*
*KENROSE PERFUMES, INC.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILLAGE, LLC, | |
| Plaintiff, | Case No.: 8:14-cv-2043-CAS (RNB) |
| v. | **DEFENDANT KENROSE PERFUMES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| KENROSE PERFUMES, INC. d/b/a EUROPERFUMES, FRAGRANCENET.COM, INC., and LA PEER BEAUTY, L.P., | Hon. Christina A. Snyder<br>Hon. Robert N. Block |
| Defendants. | |

Defendant Kenrose Perfumes, Inc. d/b/a Europerfumes ("Europerfumes") hereby responds to the Complaint of Plaintiff Sillage, LLC ("Sillage").

## ANSWER TO SILLAGE'S SPECIFIC ALLEGATIONS

Europerfumes responds to Sillage's Complaint with the following paragraphs which correspond sequentially to the paragraphs in Sillage's Complaint. Unless expressly admitted below, Europerfumes denies each and every allegation Sillage has set forth in its Complaint.

### Parties

1.  Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2.  Admitted.

3.  Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them.

4.  Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies them.

### Jurisdiction and Venue

5.  Europerfumes admits that this action alleges patent infringement under the patent laws of the United States, Title 35 of the United States Code, and that the Court

has subject matter jurisdiction over Counts I-III of this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Europerfumes denies the remaining allegations of Paragraph 5.[1]

6. Europerfumes admits that this Court has personal jurisdiction over Europerfumes for this action.  Europerfumes denies the remaining allegations of Paragraph 6.

7. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9. Europerfumes consents to venue in this judicial district for this action, and denies the remaining allegations of Paragraph 9.

**Factual Allegations**

10. Europerfumes admits that U.S. Patent No. D693,224 ("the '224 patent"), entitled "Display Bottle," was issued on November 12, 2013 and names Nicole Mather as the inventor, and admits that a copy of the '224 patent was attached to the Complaint as Ex. A.  Europerfumes denies the remaining allegations of Paragraph 10.

11. Europerfumes admits that U.S. Patent No. D658,503 ("the '503 patent"), entitled "Bottle," was issued on May 1, 2012 and names Nicole Mather as the inventor,

---

[1] Sillage's Complaint contains five counts.  Europerfumes does not contest this Court's subject matter jurisdiction over Counts I-IV and supplemental jurisdiction over Count V of Sillage's Complaint.

and admits that a copy of the '503 patent was attached to the Complaint as Ex. B. Europerfumes denies the remaining allegations of Paragraph 11.

12. Europerfumes admits that the documents attached to the Complaint as Exs. C and D purport to assign the '224 patent and the '503 patent to Sillage. Europerfumes denies the remaining allegations of Paragraph 12.

13. Denied.

14. Europerfumes admits that Sillage filed an intent-to-use trademark application on May 10, 2012 for CHERRY GARDEN, and that the application was assigned U.S. Trademark Application No. 85,622,278. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore denies them.

15. Admitted upon information and belief.

16. Europerfumes admits that U.S. Trademark Registration No. 4,429,539 was issued on November 5, 2013, and that a copy of the registration certificate was attached as Ex. E to Sillage's Complaint. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

17. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies them.

25. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

26. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them.

27. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them.

28. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them.

31. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them.

32. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33. Europerfumes admits that Histoires de Parfums LLC d/b/a Alice & Peter ("A&P") is a Defendant in a case captioned *Sillage, LLC v. Histoires de Parfums, LLC*, Case No. 14-cv-00172-CAS-RNB (C.D. Cal. 2014) ("the Alice & Peter Action"). Europerfumes denies the remaining allegations of Paragraph 33.

34. Denied.

35. Denied.

36. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them.

37. Europerfumes admits that it has distributed the A&P perfume in North America. Europerfumes denies the remaining allegations of Paragraph 37.

38. Europerfumes admits that Scent-Sation LA is a defendant in the Alice & Peter Action. Europerfumes denies the remaining allegations of Paragraph 38.

39. Denied.

40. Europerfumes admits that it has sold the A&P perfume after May 1, 2014. Europerfumes denies the remaining allegations of Paragraph 40.

41. Denied.

42. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

43. Europerfumes admits that it has sold six (6) units of the A&P perfume to La Peer Beauty in July 2014. Europerfumes denies the remaining allegations of Paragraph 43.

44. Europerfumes admits that it sold at least six (6) units of the A&P perfume to La Peer Beauty after May 1, 2014. Europerfumes denies the remaining allegations of Paragraph 44.

45. Admitted.

46. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

### Sillage's First Claim for Relief

47. Europerfumes incorporates by reference each of its responses to the allegations in paragraphs 1 through 46 as if fully stated herein.

48. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## Sillage's Second Claim for Relief

53. Europerfumes incorporates by reference each of its responses to the allegations in paragraphs 1 through 52 as if fully stated herein.

54. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## Sillage's Third Claim for Relief

59. Europerfumes incorporates by reference each of its responses to the allegations in paragraphs 1 through 58 as if fully stated herein.

60. Denied.

61. Europerfumes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## Sillage's Fourth Claim for Relief

68. Europerfumes incorporates by reference each of its responses to the allegations in paragraphs 1 through 67 as if fully stated herein.

69. Denied.

70. Denied.

71.  enied.

72. Denied.

73. Denied.

## Sillage's Fifth Claim for Relief

74. Europerfumes incorporates by reference each of its responses to the allegations in paragraphs 1 through 73 as if fully stated herein.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## Sillage's Prayer for Relief

Europerfumes denies that Sillage is entitled to any relief whatsoever against Europerfumes in this action.

## DEFENSES

In addition to the responses above, Europerfumes asserts the following defenses, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law. Europerfumes reserves the right to allege additional defenses that become known through the course of discovery and Europerfumes' investigation of Sillage's claims.

## First Defense

### (Non-Infringement)

Europerfumes does not and has not infringed any valid and enforceable claim of the '224 patent or '503 patent, whether directly or indirectly, by inducement or contributory infringement, either literally or under the doctrine of equivalents, willfully or otherwise.

## Second Defense

## (Invalidity)

The '224 patent and the '503 patent are invalid for failure to comply with one or more requirements for patentability under the patent laws, including but not limited to 35 U.S.C. §§ 102, 103, 112, and/or 171.

## Third Defense

## (Fair Use)

Sillage's claims are barred, in whole or in part, by the fair use defense.

## Fourth Defense

## (No Valid Trade Dress)

Sillage has no valid, protectable trade dress in which it enjoys any rights that may be asserted against Europerfumes.

## Fifth Defense

## (Functionality)

The claims in Sillage's Complaint and the relief sought therein are barred, in whole or in part, on the basis that each of the alleged trade dress, the '224 patent, and the '503 patent is functional.

## Sixth Defense

### (Lack of Secondary Meaning)

The claims in Sillage's Complaint and the relief sought therein are barred, in whole or in part, on the basis that the alleged trade dress lacks secondary meaning.

## Seventh Defense

### (No Likelihood of Confusion)

There is no likelihood of confusion between any accused Europerfumes product and any alleged trademark or trade dress.

## Eighth Defense

### (No Unfair Competition)

Sillage has not suffered injury in fact and has not lost money or property as a result of any alleged unfair competition.

## Ninth Defense

### (Failure to Mitigate)

Sillage's alleged damages, if any, may have been caused by Sillage's own conduct and/or failure to mitigate damages, or by others beyond the control of Europerfumes.

## Tenth Defense

### (Limitation on Recovery of Costs)

Sillage is precluded from seeking recovery of costs by 35 U.S.C. § 288.

## Eleventh Defense

## (No Injunctive Relief)

Sillage has an adequate remedy at law and no basis exists for the grant of injunctive relief.

## Twelfth Defense

## (Marking)

Upon information and belief, some or all of Sillage's claim for damages is barred by 35 U.S.C. § 287.

**WHEREFORE**, Europerfumes respectfully prays that the Court enter a judgment:

A. Dismissing Sillage's claims against Europerfumes with prejudice;

B. Awarding Europerfumes its costs of the suit herein;

C. Awarding Europerfumes such attorney's fees as may be allowed by law; and

D. Awarding Europerfumes such other relief as the Court may deem just and equitable under the circumstances.

# **DEMAND FOR TRIAL BY JURY**

Europerfumes demands a trial by jury on any and all issues so triable.

Dated:  February 5, 2015         /s/ Ryan S. McPhee
Ryan S. McPhee (SB 283955)
rmcphee@bakoskritzer.com
BAKOS & KRITZER
945 Fourth Avenue, Suite 411
San Diego, California  92101
Telephone:  (619) 377-0770
Facsimile:  (973) 520-8260

Of counsel
Edward P. Bakos
ebakos@bakoskritzer.com
Noam J. Kritzer
nkritzer@bakoskritzer.com
BAKOS & KRITZER
147 Columbia Turnpike, Suite 102
Florham Park, New Jersey  07932

*Attorneys for Defendant Kenrose Perfumes, Inc. d/b/a Europerfumes*

# PROOF OF SERVICE

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action.  My business address is 945 Fourth Avenue, Suite 411, San Diego, California 92101.

On February 5, 2015, a copy of the following document:

**DEFENDANT KENROSE PERFUMES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

was served on:

> Thomas J. Speiss, III
>   tspeiss@sycr.com
> Justin Klaeb
>   jklaeb@sycr.com
> STRADLING YOCCA CARLSON & RAUTH, P.C.
> 100 Wilshire Boulevard, Suite 400
> Santa Monica, California  90401
> *Attorneys for Plaintiff Sillage, LLC*

I filed the above-mentioned document by electronic means with the United States District Court, Central District of California.  As such, the Court electronically transmitted such document to the parties noted above, whose email addresses are set forth above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on February 5, 2015, at San Diego, California.

>  /s/ Ryan S. McPhee
> Ryan S. McPhee

**PROOF OF SERVICE**
**CASE NO. 8:14-cv-2043-CAS (RNB)**