UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 8:14-cv-02043-CAS(RNBx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | SILLAGE LLC v. KENROSE PERFUMES INC. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers)** DEFENDANT LA PEER BEAUTY L.P.'S MOTION TO SEVER AND STAY CASE (Dkt. No. 32, filed March 30, 2015)

DEFENDANT FRAGRANCENET.COM INC.'S MOTION TO SEVER AND STAY CASE (Dkt. No. 36, filed April 23, 2015)

## I.   INTRODUCTION

On December 23, 2014, plaintiff Sillage LLC filed this lawsuit against Kenrose Perfumes, Inc. D/B/A/ Europerfumes ("Europerfumes"); FragranceNet.com, Inc. ("FragranceNet"); and La Peer Beauty, L.P. ("La Peer"). The gravamen of the complaint is that defendants have infringed plaintiff's intellectual property rights by marketing and selling knock-off versions of plaintiff's distinctive perfume bottles. Plaintiff alleges claims for (1) patent infringement, (2) federal trademark infringement, (3) federal trade dress infringement and (4) unfair competition in violation of California Business and Professions Code § 17200. Dkt. No. 1.

On March 30, 2015, La Peer filed a motion to sever and stay the claims against it pending resolution of the claims against Europerfumes. Dkt. No. 32. Plaintiff opposed that motion on April 20, 2015, Dkt. No. 35, and La Peer replied on May 4, 2015, Dkt. No. 37. On April 23, 2015, FragranceNet filed a motion to sever and stay the claims against it pending resolution of the claims against Europerfumes and Histoires de Parfums d/b/a Alice & Peter ("A&P"), at that time a defendant in the related action styled Sillage LLC v. Histoires de Parfums LLC, et al., No. 8:14-cv-00172-CAS-RNBx (C.D. Cal. filed Dec.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 8:14-cv-02043-CAS(RNBx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | SILLAGE LLC v. KENROSE PERFUMES INC. ET AL | | |

23, 2014).[1]  Dkt. No. 36.  Plaintiff filed an opposition on May 11, 2015, Dkt. No. 38, and FragranceNet replied on May 18, 2015, Dkt. No. 39.  Because the motions seek similar relief for similar reasons, the Court analyzes them together, referring to La Peer and FragranceNet collectively as the "retail defendants."

On June 1, 2015, the Court held a hearing and distributed a tentative order granting the motions to sever but denying the motions to stay.  At that hearing, counsel for Europerfumes and La Peer represented for the first time that the retail defendants would agree to be bound by the results of the litigation involving Europerfumes.  In light of this new information, the Court grants the motions to sever and stay for the reasons that follow.

## II.   FACTUAL BACKGROUND

Plaintiff is in the business of creating and providing luxury artisanal fragrances, which it presents in distinctive stylized bottles.  Compl. ¶ 1.  Plaintiff alleges that it owns United States patents for bottle designs numbered D693,224 and D658,503.  Id. ¶¶ 10–13 & Exs. A–D.  Plaintiff also alleges ownership of a federal trademark (Registration Number 4,429,539) for the mark "Cherry Garden" in connection with perfumes and colognes, and trade dress rights in a series of cupcake-shaped perfume bottles featuring bottle caps adorned with jewelry, crystals, and other decorations.  Id. ¶¶ 14–21 & Ex. E.  Beginning in November 2011, plaintiff has marketed in the United States a series of perfumes, each presented in a "cupcake-inspired bottle" embodying the design claimed in the '224 patent, and incorporating the trade dress elements described above.  Id. ¶¶ 22–32.

Plaintiff alleges that by March 2013, A&P and Europerfumes "introduced a line of perfumes which were, and continue to be, presented in a cheap knock-off version of Sillage's cupcake-inspired perfume bottles," which plaintiff contends infringes its patent, trademark, and trade dress rights described above.  Id. ¶¶ 33–34, 53–67.  Plaintiff

---

[1]On May 18, 2015, the Court granted a stipulation dismissing that related action with prejudice.  See Case No. 8:14-cv-00172-CAS-RNB, Dkt. Nos. 62, 63.  Accordingly, FragranceNet's motion is moot insofar as it seeks to stay the claims against it pending resolution of the claims against A&P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 8:14-cv-02043-CAS(RNBx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | SILLAGE LLC v. KENROSE PERFUMES INC. ET AL | | |

contends that Europerfumes is the North American distributor for the infringing perfume created by A&P. Id. ¶ 37. Plaintiff further alleges that Europerfumes sold a total of 306 units of the A&P perfume to FragranceNet between April and June 2014, and that FragranceNet continues to sell five variations of the infringing perfumes. Id. ¶¶ 39–42. Similarly, plaintiff alleges that Europerfumes sold a total of 729 units of the infringing perfume to La Peer between November 2013 and July 2014. Id. ¶¶ 43–46.

     FragranceNet's CEO, Dennis M. Apfel ("Apfel"), declares that FragranceNet is an online purveyor of fragrance, skin care, hair care, aromatherapy, and scented candle products, which it buys wholesale and resells to customers. Dkt. No. 36-2 ¶¶ 1–2. According to Apfel, FragranceNet did not become aware of the instant dispute until receiving a copy of the complaint in this action in January 2015. Id. ¶ 3. Apfel acknowledges that FragranceNet purchased "a small quantity of A&P perfume from Europerfumes," but avers that the company never purchased A&P perfume from any other party or altered the perfume after receiving it. Id. ¶ 6. Apfel declares that FragranceNet "did not design or develop the A&P perfume; does not import or manufacture the A&P perfume; has never purchased the A&P perfume from A&P; and does not have a distributor agreement with A&P in connection with the accused perfume." Id. ¶ 5. Apfel asserts that, before this litigation commenced, FragranceNet decided to discontinue selling the accused products. He further declares that FragranceNet has not sold the A&P perfume since December 6, 2014, and holds no A&P perfume in its inventory. Id. ¶ 7.

     La Peer's General Manager, Alfred Hakim ("Hakim"), similarly declares that La Peer only purchased the accused perfumes from Europerfumes. Dkt. No. 32-2 ¶ 6. He asserts that La Peer does not import or manufacture the allegedly infringing products, and does not alter the functional attributes, technical specifications, or design elements of those products. Id. ¶ 8. Further, he declares that Europerfumes has agreed to defend and indemnify La Peer in this action with respect to its sale of the accused perfume products, and has promised to satisfy any judgment against La Peer in this action arising from the sale of such products. Id. ¶ 9.

     At the hearing held on June 1, 2015,, counsel for Europerfumes and La Peer represented that La Peer had agreed to be bound by the result of the litigation against Europerfumes, and that counsel anticipated that FragranceNet would enter into a similar agreement. In a telephonic status conference held on June 8, 2015, counsel indicated on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 8:14-cv-02043-CAS(RNBx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | SILLAGE LLC v. KENROSE PERFUMES INC. ET AL | | |

the record that FragranceNet had agreed to be bound by any judgment against Europerfumes.

### III. LEGAL STANDARDS

#### A. Motion to Sever

In most civil actions, permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As explained in more detail below, joinder in patent cases filed after September 16, 2011 is governed by 35 U.S.C. § 299, which is "more stringent" than Rule 20. In re Nintendo Co., 544 F. App'x 934, 939 (Fed. Cir. 2013). If the Court concludes that joinder is not proper, a court may "add or drop a party," or "sever any claim against a party." Fed. R. Civ. P. 21. Further, even if joinder requirements are met, the Court may sever to avoid delay, jury confusion, or prejudice to the moving party. Fed. R. Civ. P. 20(b); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000); see also In re Nintendo Co., 544 F. App'x at 939 (explaining that § 299's requirements are "necessary, but not sufficient, conditions for joinder," and that joinder may be refused "in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principals of fundamental fairness").

#### B. Motion to Stay

A district court has discretionary power to stay proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). However, case management concerns alone are not necessarily a sufficient ground to stay proceedings. See Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). Among the factors to be weighed in deciding whether to stay a pending proceeding "are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 8:14-cv-02043-CAS(RNBx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | SILLAGE LLC v. KENROSE PERFUMES INC. ET AL | | |

proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). " '[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.' " Dependable Highway Express, 498 F.3d at 1066 (quoting Landis, 299 U.S. at 255). However, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.' " Lockyer, 398 F.3d at 1112. In all cases, "[t]he proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

## IV. ANALYSIS

### A. Motions to Sever

The retail defendants argue that severance is required because FragranceNet and La Peer, who are direct competitors, are misjoined. "[E]ffective September 16, 2011, joinder in patent cases is governed by the American Invents Act." In re Nintendo Co., 544 F. App'x 934, 939 (Fed. Cir. 2013). That statute provides in relevant part:

> **(a) Joinder of accused infringers**.—With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—
> > **(1)** any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
> > **(2)** questions of fact common to all defendants or counterclaim defendants will arise in the action.
> **(b) Allegations insufficient for joinder.**—For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 8:14-cv-02043-CAS(RNBx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | SILLAGE LLC v. KENROSE PERFUMES INC. ET AL | | |

consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

35 U.S.C. § 299. As stated above, this joinder provision "is more stringent than Rule 20." In re Nintendo Co., 554 F. App'x at 539.

Although there does not yet appear to be a precedential Federal Circuit decision interpreting § 299(a)(1),[2] one judge in this district has concluded that the "same transaction, occurrence, or series of transactions or occurrences" requirement is not satisfied merely because retail defendants are alleged to have sold the same infringing products. See Digitech Image Techs., LLC v. Agfaphoto Holding GmbH, No. 8:12-cv-1153-ODW (MRWx), 2012 WL 4513805, at *3–4 (C.D. Cal. Oct. 1, 2012). Where the plaintiff had sued digital camera manufacturers including Leica and retailers including Best Buy and Target, the Digitech court reasoned:

> the only instances involving the "same accused product" are the transactions for an individual camera (or camera model) within the commerce stream. But these transactions within the commerce stream do not constitute the same transaction or series of transactions. For instance, when Leica sells a pallet of infringing digital cameras to Best Buy, that is one transaction. When Leica sells a second pallet of the same cameras to Target, that is a second transaction. These two sales have nothing to do with each other—other than involv[ing] the same camera model.

Id. at *3. Because the retail defendants in Digitech did not "share an aggregate of operative facts," the court concluded that they "should be severed based on their independent participation in commerce." Id. at *4. Other district courts are in accord with Digitech, concluding "that the presence, in an infringement action, of multiple

---

[2] In patent cases, "motions to sever are governed by Federal Circuit law because joinder in patent cases is based on an analysis of the accused acts of infringement, and this issue involves substantive issues unique to patent law." In re EMC Corp., 677 F.3d 1351, 1354 (Fed. Cir. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:14-cv-02043-CAS(RNBx) | Date | June 9, 2015 |
| Title | SILLAGE LLC v. KENROSE PERFUMES INC. ET AL | | |

defendants competing at the same level in the stream of commerce . . . would result in misjoinder under § 299 because they would not satisfy the same transaction or occurrence requirement." Richmond v. Lumisol Elec. Ltd., Civil Action No. 13-1944 (MLC), 2014 WL 1716447, at *3 (D.N.J. Aug. 30, 2014) (citing, inter alia, MGT Gaming, Inc. v. WMS Gaming, Inc., 978 F. Supp. 2d 647 (S.D. Miss. 2013)); see also Broadband iTv, Inc. v. Hawaiian Telecom, Inc., Civ. No. 14-00169 ACK-RLP, 2014 WL 5580967, at *6 (D. Haw. Oct. 30, 2014) ("This Court agrees with those district courts which have held that competitors cannot be joined in a patent infringement suit under § 299 where they are not alleged to have conspired or acted in concert.").

Plaintiff cites no contrary authority, and the Court follows the reasoning of the courts cited above in concluding that direct competitors at the same level of commerce cannot be properly joined as patent infringement defendants under § 299. Plaintiff does not contest that La Peer and FragranceNet are direct competitors at the same level of commerce, and does not allege a conspiracy; consequently, the retail defendants are misjoined and must be severed. See Richmond, 2014 WL 1716447, at *5 ("[C]ompetitors, absent a conspiracy, are not part of the same transaction.").

### B. Motions to Stay

The thrust of the retail defendants' motions to stay is that the claims against them are peripheral to those against Europerfumes, and that the claims against La Peer and FragranceNet could be more efficiently resolved after the claims against Europerfumes have been litigated. Sillage responds that the requested stays would lead to duplicative and inefficient litigation.

The parties devote considerable argument to the issue of whether the "customer suit exception" applies to the instant case. This doctrine is an exception to the general rule that when "two suits are filed involving similar issues and similar parties, the first suit should have priority absent special circumstances." Teleconference Sys. v. Proctor & Gamble Pharm., Inc., 676 F. Supp. 2d 321, 326–27 (D. Del. 2009). The exception applies "when the first suit is filed against a customer who is a mere reseller of the accused goods, while the second suit is a declaratory action brought by the manufacturer of the accused goods." Id. at 327. The doctrine may also be applied where, after one suit is filed against a manufacturer's customers, a second suit is filed against the manufacturer. Unilin Beheer B.V. v. Tropical Flooring, No. CV 14-02209 BRO (SSx), 2014 WL

Case 8:14-cv-02043-CAS-RNB   Document 48   Filed 06/09/15   Page 8 of 11   Page ID #:286

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 8:14-cv-02043-CAS(RNBx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | SILLAGE LLC v. KENROSE PERFUMES INC. ET AL | | |

2795360, at *8 (C.D. Cal. June 13, 2014). The doctrine is largely "based on the premise that the manufacturer has a presumed greater interest than does a customer in defending its products against charges of patent infringement," so that the manufacturer should "be permitted to prosecute its declaratory judgment action elsewhere to protect itself and its clients." Teleconference Sys., 676 F. Supp. 2d at 327. Another court has described the customer suit exception as "predominantly a choice-of-forum doctrine" directed at "protect[ing] against the danger that two courts will come to inconsistent conclusions about the infringement of the same patent." Heinz Kettler GMBH & Co. v. Indian Indus., Inc., 575 F. Supp. 2d 728, 730 (E.D. Va. 2008).

The facts of this case are distinguishable from the customer suit exception scenario in several respects. First, the retail defendants are joined in the same action as an upstream defendant, rather than named in a separate suit, so that this case does not present the risk of issues of patent validity and infringement being decided without the participation of a defendant more familiar with the products at issue. See Privasys, Inc. v. Visa Int'l, No. C 07-03257 SI, 2007 WL 3461761, at *3 (N.D. Cal. Nov. 14, 2007) ("Where, as here, plaintiff has brought suit against both the supplier and its customers in the same suit and in the same district, the 'customer suit' exception does not apply."). Second, Europerfumes is a distributer rather than a manufacturer of the accused products, and the manufacturer has settled the related litigation against it. See Tropical Flooring, 2014 WL 2795360, at *8 ("The 'customer suit' exception is inapplicable here because Hengxiang Flooring is not a manufacturer, but a distributor . . . . [T]he actual manufacturer . . . is not a party to this lawsuit and has not brought a separate declaratory relief action for patent invalidity or noninfringement.").[3] Third, this case involves trademark, trade dress, and unfair competition claims, and the retail defendants do not cite any case in which the customer suit exception has been applied to non-patent claims.

Although the customer suit exception does not directly apply, the Court concludes that staying the severed actions against the retail defendants would be the most efficient and fair course of action. The Federal Circuit has recently counseled that even where the customer suit exception does not apply because the upstream and downstream defendants

---

[3]But see Oplus Techs., Ltd. v. Sears Holding Corp., No. 11-cv-9029, 2012 WL 2400478, at *1, 3, 5 (N.D. Ill. June 21, 2012) (staying claims against retailers pending resolution of litigation against distributor who did not design alleged products).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 8:14-cv-02043-CAS(RNBx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | SILLAGE LLC v. KENROSE PERFUMES INC. ET AL | | |

are named in the same action, its principles may still be relevant to the propriety of a discretionary stay. See In re Nintendo of America, Inc., F.3d 1363, 1364 (Fed. Cir. 2014) (reasoning that the manufacturer was the "true defendant" and that severing, staying, and transferring the action against the manufacturer would serve efficiency and convenience because of common issues including validity and infringement); see also In re Dell Inc., No. 2015-102, 2015 WL 303939, at *1 (Fed. Cir. Jan. 7, 2015) (unpublished) (suggesting that "[t]he policies expressed in the duplicative-case context are certainly relevant in a district court's decision how to proceed within the context of a single case"). Some (though not all) district courts have also found principles underlying the customer suit exception to militate in favor of a stay in single-suit litigation involving upstream and downstream defendants.[4]

While the Court is not persuaded that staying litigation against a downstream defendant will invariably be the most efficient course, the Court finds it to be justified in this case, largely because each retail defendant has agreed to be bound by the results of litigation against Europerfumes. The Federal Circuit has found such an agreement highly

---

[4] See, e.g., Telebrands Corp. v. Nat'l Express, Inc., No. 12-6671 (FSH), 2014 WL 4930897, at *6 (D.N.J. Oct. 2, 2014) (finding that although the consumer suit exception did not "directly apply . . . . the guiding principles of judicial economy and efficiency behind the exception support severing the cases into separate manufacturer and retailer cases and staying the Retail Defendants actions"); Pragmatus Telecom, LLC v. Advanced Store Co., Inc., C.A. No. 12-088-RGA, 2012 WL 2803695, at *3 (D. Del. July 10, 2012) (reasoning that although the customer suit exception, which is essentially a "forum favoring rule," did not apply to cases filed in the same district court, "[t]he reasoning behind it" supported staying litigation against customers). But see, e.g., Edizone, LLC v. Schering-Plough Healthcare Prods., Inc., No. 2:10-CV-855 TS, 2011 WL 1559944, at *2 (D. Utah Apr. 25, 2011) (finding the customer suit exception inapplicable "where a plaintiff brings suit against both the manufacturer and the customer in the same action in the same district" because the judicial economy and inconsistent outcome concerns underlying that doctrine were not implicated); Precise Exercise Equip., Inc. v. Kmart Corp., No. ED CV 00-312 RT (RCx), 2000 U.S. Dist. LEXIS 21500, at *6 (C.D. Cal. Oct. 24, 2000) ("[T]he policy reasons behind the customer suit exception do not apply in this case because the manufacturer, the real party in interest, is able to defend against the infringement claim in this action.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 8:14-cv-02043-CAS(RNBx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | SILLAGE LLC v. KENROSE PERFUMES INC. ET AL | | |

relevant to the propriety of granting a stay in patent cases involving defendants in different levels of commerce. See Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1082 (Fed. Cir. 1989) (reversing district court's stay where downstream defendant did had not agreed to be bound by a decision against the manufacturer); Refac Int'l, Ltd. v. IBM, 790 F.2d 79, 81 (Fed. Cir. 1986) (finding no error in severing and staying claims against retail defendants that had agreed to be bound by any injunction entered against manufacturers, and were still subject to discovery); see also Teleconference Sys., 676 F. Supp. at 328 ("Here, the Cisco defendants do not agree to be bound by a decision in plaintiff's favor in California. Therefore, Cisco's California declaratory judgment action will not be outcome determinative of plaintiff's Delaware action."). Because of these agreements to be bound, and because the retail defendants are only alleged to have infringed plaintiff's intellectual property rights by purchasing and reselling products distributed by Europerfumes, it is hard to imagine a situation in which litigation against the distributor would not resolve or at least simplify the litigation against the retail defendants.[5] In such a situation, it makes sense to spare the retail defendants the time and expense of litigating parallel actions that would almost certainly be resolved by litigation against their supplier.

Moreover, it does not appear that plaintiff will be prejudiced by the requested stay. The instant motions were brought early in the litigation, before a trial date has been set. See id. (finding the stage of litigation relevant to a request for a stay in a similar case). And most of the non-speculative potential prejudice to which plaintiff points has to do with its desire to propound discovery on the retail defendants. This prejudice can be avoided by requiring the retail defendants to respond to discovery requests to the extent

---

[5] Even without agreements to be bound, it is possible that the litigation against Europerfumes would have effectively disposed of major issues relevant to plaintiff's claims against the retail defendants, through collateral estoppel. See Mendenhall v. Barber-Greene Co., 26 F.3d 1573, 1577 (Fed. Cir. 1994) ("[O]nce the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under principles of collateral estoppel."); 6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 32:89 (4th ed. Mar. 2015) (explaining that collateral estoppel can prevent a party from "relitigating such issues as the validity of a registration, or the presence or absence of a likelihood of confusion between two trademark usages").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**               'O'

| Case No. | 8:14-cv-02043-CAS(RNBx) | Date | June 9, 2015 |
|---|---|---|---|
| Title | SILLAGE LLC v. KENROSE PERFUMES INC. ET AL | | |

they are relevant to the action against Europerfumes.  See Refac Int'l, 790 F.2d at 81 (noting that a stay order "expressly provide[d] [the plaintiff] with discovery to determine whether any separated defendant is a manufacturer"); Telebrands Corp. v. Nat'l Express, Inc., No. 12-6671 (FSH), 2014 WL 4930897, at *6 (D.N.J. Oct. 2, 2014) (staying cases against downstream defendants but "not[ing] that the Retail Defendants are still obligated to any relevant discovery requests propounded upon them as part of the manufacturer actions").  For these reasons, the Court concludes that a stay of the severed actions against the retail defendants is appropriate.

## V.    CONCLUSION

In accordance with the following, the Court **GRANTS** the motions to sever and stay the actions against the retail defendants.  La Peer and FragranceNet are nevertheless directed to respond to reasonable third-party discovery requests in the litigation against Europerfumes.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |