STEVEN M. HANLE (SBN 168876)
  shanle@sycr.com
STRADLING YOCCA CARLSON &
RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660
Telephone:  (949) 725-4000
Facsimile:  (949) 823-5094

THOMAS J. SPEISS, III (SBN 200949)
  tspeiss@sycr.com
STRADLING YOCCA CARLSON &
RAUTH, P.C.
100 Wilshire Blvd., Suite 400
Santa Monica, California 90401
Telephone:  (424) 214-7042
Facsimile:  (424) 214-7010

Attorneys for Plaintiff, Sillage, LLC

RYAN S. MCPHEE (SBN 283955)
  (RmcPhee@bakoskritzer.com)
BAKOS & KRITZER
5000 Birch Street, Suite 3000
Newport Beach, California 92660
Telephone:  (949) 204-3500
Facsimile:  (973) 520-8260

EDWARD P. BAKOS (*Pro Hac Vice*)
  (EBakos@bakoskritzer.com)
BAKOS & KRITZER
147 Columbia Turnpike, Suite 102
Florham Park, New Jersey  07932
Telephone:  (908) 273-0770
Facsimile:  (973) 520-8260

Attorneys for Defendants, Kenrose
Perfumes, Inc.d/b/a Europerfumes and
La Peer Beauty, L.P.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILLAGE, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>KENROSE PERFUMES, INC. D/B/A EUROPERFUMES, a New York Corporation; FRAGRANCENET.COM, INC., a Delaware Corporation; and, LA PEER BEAUTY, L.P., a California Limited Partnership.<br><br>Defendants. | **CASE NO.: 8:14-cv-2043-CAS-DFMx**<br><br>The Hon. Christina A. Snyder<br><br>[Discovery Document: Referred to Magistrate Judge Robert N. Block]<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER**<br><br>Complaint Filed: December 23, 2014 |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**[~~PROPOSED~~] PROTECTIVE ORDER**

**[~~PROPOSED~~] PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

The parties are in agreement that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties have stipulated to be bound by the following Protective Order ("Order") in this action. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure.

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material: all items or information within the scope of Rules 26 and 34 of the Federal Rules of Civil Procedure, regardless of the

-1-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**[~~PROPOSED~~] PROTECTIVE ORDER**

DOCSSM/3017262v2/101734-0105

1   medium or manner in which it is generated, stored, or maintained (including,
2   among other things, testimony, transcripts, and tangible things), that are produced
3   or generated in disclosures or responses to discovery in this matter.

4       2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter
5   pertinent to the litigation who:  (a) has been retained by a Party or its counsel to
6   serve as an expert witness or as a consultant in this action; (b) is not a current
7   employee of a Party or of a Party's competitor; and, (c) at the time of retention, is
8   not anticipated to become an employee of a Party or of a Party's competitor.

9       2.8   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>
10  <u>Information or Items</u>: extremely sensitive "Confidential Information or Items,"
11  disclosure of which to another Party or Non-Party would create a substantial risk of
12  serious harm that could not be avoided by less restrictive means.

13      2.9   <u>House Counsel</u>: attorneys who are employees of a party to this action.
14  House Counsel does not include Outside Counsel of Record or any other outside
15  counsel.

16      2.10   <u>Non-Party</u>: any natural person, partnership, corporation, association,
17  or other legal entity not named as a Party to this action.

18      2.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a
19  party to this action but are retained to represent or advise a party to this action and
20  have appeared in this action on behalf of that party or are affiliated with a law firm
21  which has appeared on behalf of that party.

22      2.12   <u>Party</u>: any party to this action, including all of its officers, directors,
23  employees, consultants, retained experts, and Outside Counsel of Record (and their
24  support staffs).

25      2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or
26  Discovery Material in this action.

27      2.14   <u>Professional Vendors</u>: persons or entities that provide litigation
28  support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or

-2-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**[PROPOSED] PROTECTIVE ORDER**

DOCSSM/3017262v2/101734-0105

1   demonstrations, and organizing, storing, or retrieving data in any form or medium)

2   and their employees and subcontractors.

3       2.15   Protected Material: any Disclosure or Discovery Material that is

4   designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

5   ATTORNEYS' EYES ONLY."

6       2.16   Receiving Party: a Party that receives Disclosure or Discovery

7   Material from a Producing Party.

8   3.   SCOPE

9       The protections conferred by this Order cover not only Protected Material

10  (as defined above), but also:  (a) any information copied or extracted from

11  Protected Material; (b) all copies, excerpts, summaries, or compilations of

12  Protected Material; and (c) any testimony, conversations, or presentations by

13  Parties or their Counsel that might reveal Protected Material.

14      The protections conferred by this Order do not cover the following

15  information: (a) any information that is in the public domain at the time of

16  disclosure to a Receiving Party or becomes part of the public domain after its

17  disclosure to a Receiving Party as a result of publication not involving a violation

18  of this Order, including becoming part of the public record through trial or

19  otherwise; (b) any information known to the Receiving Party prior to the disclosure

20  or obtained by the Receiving Party after the disclosure from a source who obtained

21  the information lawfully and under no obligation of confidentiality to the

22  Designating Party; and, (c) any information that is independently developed

23  without use of or reliance upon Protected Material produced by another Party.

24      Further, the protections conferred by this Order apply only to Disclosure or

25  Discovery Material and to court filings that might reveal Protected Material, and

26  do not apply to evidence presented at any court hearings or proceedings.  Any such

27  use of Protected Material shall be governed by a separate order from the judicial

28  officer conducting the hearing or proceeding, at the appropriate time.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-3-

[PROPOSED] PROTECTIVE ORDER

DOCSSM/3017262v2/101734-0105

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this action, with or without prejudice; and, (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Only Disclosure or Discovery Material containing sensitive business information that is kept confidential in the ordinary course of business, such as (a) financial data, (b) business plans, and (c) trade secrets, whose public disclosure could result in competitive harm to the Producing Party, may properly be designated as "CONFIDENTIAL" under this Order.

Only Disclosure or Discovery Material containing extremely sensitive and confidential information and whose disclosure to other parties to this action would create a substantial risk of serious competitive harm that could not be avoided by less restrictive means, such as highly confidential competitive business plans, or

**[PROPOSED] PROTECTIVE ORDER**

certain trade secrets that warrant this heightened protection, may properly be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties, in writing, that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting

1   Party has indicated which material it would like copied and produced.  During the

2   inspection and before the designation, all of the material made available for

3   inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4   ONLY." After the inspecting Party has identified the documents it wants copied

5   and produced, the Producing Party must determine which documents, or portions

6   thereof, qualify for protection under this Order.  Then, before producing the

7   specified documents, the Producing Party must affix the appropriate legend

8   ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9   ONLY") to each page that contains Protected Material.  If only a portion or

10  portions of the material on a page qualifies for protection, the Producing Party also

11  must clearly identify the protected portion(s) (*e.g.*, by making appropriate

12  markings in the margins) and must specify, for each portion, the level of protection

13  being asserted.

14      (b) <u>for testimony given in deposition</u>, that the Designating Party identify on

15  the record, before the close of the deposition, all protected testimony and specify

16  the level of protection being asserted.  When it is impractical to identify separately

17  each portion of testimony that is entitled to protection and it appears that

18  substantial portions of the testimony may qualify for protection, the Designating

19  Party may invoke on the record (before the deposition is concluded) a right to have

20  up to 30 days to identify the specific portions of the testimony as to which

21  protection is sought and to specify the level of protection being asserted.  Only

22  those portions of the testimony that are appropriately designated for protection

23  within the 30 days shall be covered by the provisions of this Order.  Alternatively,

24  a Designating Party may specify, at the deposition or up to 30 days afterwards if

25  that period is properly invoked, that the entire transcript shall be treated as

26  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27  ONLY."

28      Transcripts containing Protected Material shall have an obvious legend on

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**[PROPOSED] PROTECTIVE ORDER**

the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**[PROPOSED]** PROTECTIVE ORDER

DOCSSM/3017262v2/101734-0105

1   confidentiality designation by electing not to mount a challenge promptly after the

2   original designation is disclosed.

3       6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

4   resolution process by providing written notice of each designation it is challenging

5   and describing the basis for each challenge.  To avoid ambiguity as to whether a

6   challenge has been made, the written notice must recite that the challenge to

7   confidentiality is being made in accordance with this specific paragraph of the

8   Order.  The parties shall attempt to resolve each challenge in good faith and must

9   begin the process by conferring directly (in voice to voice dialogue; other forms of

10  communication are not sufficient) within 10 calendar days of the date of service of

11  notice.  In conferring, the Challenging Party must explain the basis for its belief

12  that the confidentiality designation was not proper and must give the Designating

13  Party an opportunity to review the designated material, to reconsider the

14  circumstances, and, if no change in designation is offered, to explain the basis for

15  the chosen designation.  A Challenging Party may proceed to the next stage of the

16  challenge process only if it has engaged in this meet and confer process first or

17  establishes that the Designating Party is unwilling to participate in the meet and

18  confer process in a timely manner.

19      6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without

20  Court intervention, the Challenging Party shall file and serve a motion to challenge

21  a confidentiality designation within 30 calendar days of the initial notice of

22  challenge or within 14 calendar days of the parties agreeing that the meet and

23  confer process will not resolve their dispute, whichever is later.  Each such motion

24  must be accompanied by a competent declaration affirming that the movant has

25  complied with the meet and confer requirements imposed in the preceding

26  paragraph.  Any such motion must be made in strict compliance with Local Rules

27  37-1 and 37-2 (including the joint stipulation requirement).

28      The burden of persuasion in any such challenge proceeding shall be on the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-8-

**[PROPOSED] PROTECTIVE ORDER**

DOCSSM/3017262v2/101734-0105

1   Designating Party.  Frivolous challenges and those made for an improper purpose
2   (*e.g*., to harass or impose unnecessary expenses and burdens on other parties) may
3   expose the Challenging Party to sanctions.  All parties shall continue to afford the
4   material in question the level of protection to which it is entitled under the
5   Producing Party's designation until the Court rules on the challenge.

6   7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7       7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that
8   is disclosed or produced by another Party or by a Non-Party in connection with this
9   case only for prosecuting, defending, or attempting to settle this litigation.  Such
10  Protected Material may be disclosed only to the categories of persons and under
11  the conditions described in this Order.  When the litigation has been terminated, a
12  Receiving Party must comply with the provisions of Section 14 below (FINAL
13  DISPOSITION).

14      Protected Material must be stored and maintained by a Receiving Party at a
15  location and in a secure manner that ensures that access is limited to the persons
16  authorized under this Order.

17      7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless
18  otherwise ordered by the Court or permitted in writing by the Designating Party, a
19  Receiving Party may disclose any information or item designated
20  "CONFIDENTIAL" only to:

21      (a) the Receiving Party's Outside Counsel of Record in this action, as
22  well as employees of said Outside Counsel of Record to whom it is reasonably
23  necessary to disclose the information for this litigation and who have signed the
24  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Ex. A;

25      (b) the officers, directors, and employees (including House Counsel) of
26  the Receiving Party to whom disclosure is reasonably necessary for this litigation
27  and who have signed the "Acknowledgment and Agreement to Be Bound" (Ex. A);

28      (c) Experts (as defined in this Order) of the Receiving Party to whom

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-9-

**[PROPOSED] PROTECTIVE ORDER**

DOCSSM/3017262v2/101734-0105

1  disclosure is reasonably necessary for this litigation and who have signed the

2  "Acknowledgment and Agreement to Be Bound" (Ex. A);

3      (d) the Court and its personnel;

4      (e) court reporters and their staff, professional jury or trial consultants,

5  and Professional Vendors to whom disclosure is reasonably necessary for this

6  litigation and who have signed the "Acknowledgment and Agreement to Be

7  Bound" (Ex. A);

8      (f) during their depositions, witnesses in the action to whom disclosure is

9  reasonably necessary and who have signed the "Acknowledgment and Agreement

10  to Be Bound" (Ex. A), unless otherwise agreed by the Designating Party or ordered

11  by the Court.  Pages of transcribed deposition testimony or exhibits to depositions

12  that reveal Protected Material must be separately bound by the court reporter and

13  may not be disclosed to anyone except as permitted under this Order.

14      (g) the author or recipient of a document containing the information or a

15  custodian or other person who otherwise possessed or knew the information.

16      7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

17  <u>ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted

18  in writing by the Designating Party, a Receiving Party may disclose any

19  information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

20  EYES ONLY" only to:

21      (a) the Receiving Party's Outside Counsel of Record in this action, as

22  well as employees of said Outside Counsel of Record to whom it is reasonably

23  necessary to disclose the information for this litigation and who have signed the

24  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Ex. A;

25      (b) Designated House Counsel of the Receiving Party (1) who has no

26  involvement in competitive decision-making, (2) to whom disclosure is reasonably

27  necessary for this litigation, (3) who has signed the "Acknowledgment and

28  Agreement to Be Bound" (Ex. A), and (4) as to whom the procedures set forth in

-10-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**[PROPOSED] PROTECTIVE ORDER**

DOCSSM/3017262v2/101734-0105

1    paragraph 7.4(a)(1), below, have been followed;

2         (c) Experts of the Receiving Party (1) to whom disclosure is reasonably

3    necessary for this litigation, (2) who have signed the "Acknowledgment and

4    Agreement to Be Bound" (Ex. A), and (3) as to whom the procedures set forth in

5    paragraph 7.4(a)(2), below, have been followed;

6         (d) the Court and its personnel;

7         (e) court reporters and their staff, professional jury or trial consultants,

8    and Professional Vendors to whom disclosure is reasonably necessary for this

9    litigation and who have signed the "Acknowledgment and Agreement to Be

10   Bound" (Ex. A); and

11        (f) the author or recipient of a document containing the information or a

12   custodian or other person who otherwise possessed or knew the information.

13        7.4    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

14   <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to</u>

15   <u>Designated House Counsel or Experts.</u>

16        (a)(1) Unless otherwise ordered by the Court or agreed to in writing by

17   the Designating Party, a Party that seeks to disclose to Designated House Counsel

18   any information or item that has been designated "HIGHLY CONFIDENTIAL –

19   ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a

20   written request to the Designating Party that (1) sets forth the full name of the

21   Designated House Counsel and the city and state of his or her residence and

22   (2) describes the Designated House Counsel's current and reasonably foreseeable

23   future primary job duties and responsibilities in sufficient detail to determine if

24   House Counsel is involved, or may become involved, in any competitive decision-

25   making.

26        (a)(2) Unless otherwise ordered by the Court or agreed to in writing by

27   the Designating Party, a Party that seeks to disclose to an Expert (as defined in this

28   Order) any information or item that has been designated "HIGHLY

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-11-
**[PROPOSED] PROTECTIVE ORDER**

DOCSSM/3017262v2/101734-0105

CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 10 calendar days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion seeking permission from the Court

---

[1]  If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

**[PROPOSED] PROTECTIVE ORDER**

DOCSSM/3017262v2/101734-0105

1   to do so.  Any such motion must describe the circumstances with specificity, set

2   forth in detail the reasons why disclosure to Designated House Counsel or the

3   Expert is reasonably necessary, assess the risk of harm that the disclosure would

4   entail, and suggest any additional means that could be used to reduce that risk.  In

5   addition, any such motion must be accompanied by a competent declaration

6   describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent

7   and the content of the meet and confer discussions) and setting forth the reasons

8   advanced by the Designating Party for its refusal to approve the disclosure.

9   Additionally, any such motion must be made in strict compliance with Local Rules

10  37-1 and 37-2 (including the joint stipulation requirement).

11          In any such proceeding, the Party opposing disclosure to Designated

12  House Counsel or the Expert shall bear the burden of proving that the risk of harm

13  that the disclosure would entail (under the safeguards proposed) outweighs the

14  Receiving Party's need to disclose the Protected Material to its Designated House

15  Counsel or Expert.

16  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
17        IN OTHER LITIGATION

18          If a Party is served with a subpoena or a court order issued in other litigation

19  that compels disclosure of any information or items designated in this action as

20  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

21  ONLY" that Party must:

22          (a) promptly notify in writing the Designating Party.  Such notification

23  shall include a copy of the subpoena or court order;

24          (b) promptly notify in writing the party who caused the subpoena or order

25  to issue in the other litigation that some or all of the material covered by the

26  subpoena or order is subject to this Order.  Such notification shall include a copy

27  of this Order; and

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-13-

**[PROPOSED] PROTECTIVE ORDER**

DOCSSM/3017262v2/101734-0105

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1  Non-Party.

2          (c) If the Non-Party fails to object or seek a protective order from this

3  Court within 14 days of receiving the notice and accompanying information, the

4  Receiving Party may produce the Non-Party's confidential information responsive

5  to the discovery request.  If the Non-Party timely seeks a protective order, the

6  Receiving Party shall not produce any information in its possession or control that

7  is subject to the confidentiality agreement with the Non-Party before a

8  determination by the Court.[3] Absent a court order to the contrary, the Non-Party

9  shall bear the burden and expense of seeking protection in this Court of its

10 Protected Material.

11 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12          If a Receiving Party learns that, by inadvertence or otherwise, it has

13 disclosed Protected Material to any person or in any circumstance not authorized

14 under this Order, the Receiving Party must immediately (a) notify in writing the

15 Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

16 all unauthorized copies of the Protected Material, (c) inform the person or persons

17 to whom unauthorized disclosures were made of all the terms of this Order, and (d)

18 request such person or persons to execute the "Acknowledgment and Agreement to

19 Be Bound" that is attached hereto as Exhibit A.

20 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
21         PROTECTED MATERIAL

22          When a Producing Party gives notice to Receiving Parties that certain

23 inadvertently produced material is subject to a claim of privilege or other

24 protection, the obligations of the Receiving Parties are those set forth in Federal

25 Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

26

27 _____
   [3]    The purpose of this provision is to alert the interested parties to the existence of
28 confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to
   protect its confidentiality interests in this Court.

**[PROPOSED] PROTECTIVE ORDER**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

DOCSSM/3017262v2/101734-0105

1 whatever procedure may be established in an e-discovery order that provides for
2 production without prior privilege review.  Pursuant to Federal Rule of Evidence
3 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure
4 of a communication or information covered by the attorney-client privilege or
5 work product protection, the parties may incorporate their agreement in the Order.

6 12.   <u>MISCELLANEOUS</u>

7      12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of
8 any person to seek its modification by the Court in the future.

9      12.2   <u>Right to Assert Other Objections</u>.  No Party waives any right it
10 otherwise would have to object to disclosing or producing any information or item
11 on any ground not addressed in this Order.  Similarly, no Party waives any right to
12 object on any ground to use in evidence of any of the material covered by this
13 Order.

14      12.3   <u>Export Control</u>.  Disclosure of Protected Material shall be subject to
15 all applicable laws and regulations relating to the export of technical data
16 contained in such Protected Material, including the release of such technical data to
17 foreign persons or nationals in the United States or elsewhere.  The Producing
18 Party shall be responsible for identifying any such controlled technical data, and
19 the Receiving Party shall take measures necessary to ensure compliance.

20      12.4   <u>Filing Protected Material</u>.  In accordance with Local Rule 79-5.1, if
21 any papers to be filed with the Court contain information and/or documents that
22 have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
23 ATTORNEYS' EYES ONLY," the proposed filing shall be accompanied by an
24 application to file the papers or the portion thereof containing the designated
25 information or documents (if such portion is segregable) under seal; and the
26 application shall be directed to the judge to whom the papers are directed.  For
27 motions, the parties shall publically file a redacted version of the motion and
28 supporting papers.

Stradling Yocca
Carlson & Rauth
Lawyers
Santa Monica

-16-
[PROPOSED] PROTECTIVE ORDER
DOCSSM/3017262v2/101734-0105

12.5 <u>Modification</u>. This Order may be modified by the Parties by written agreement, but such modification shall have no force or effect unless approved by the Court.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

DATED: September 25, 2015

_____
Honorable Douglas F. McCormick
United States Magistrate Judge

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-17-
**[PROPOSED] PROTECTIVE ORDER**

DOCSSM/3017262v2/101734-0105

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Protective Order ("Order") that was issued by the United States District Court for

the Central District of California on _____ [date] in the case of *Sillage, LLC v.*

*Kenrose Perfumes d/b/a Europerfumes, et al.*, Case No.  8:14-cv-02043-CAS-

RNB.  I agree to comply with and to be bound by all the terms of this Order, and I

understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Order to

any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

**EXHIBIT A**